# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MT. CARMEL MUTUAL INSURANCE ASSOCIATION, as subrogee of Jacob Kuker, insured, | |
| Plaintiff, | No. 12-CV-4112-DEO |
| vs. | **ORDER ON MOTION FOR REMAND** |
| CNH AMERICA, L.L.C., | |
| Defendant. | |

## I. INTRODUCTION

Presently before the Court is Plaintiff Mt. Carmel Mutual Insurance Association's [hereinafter the Plaintiff] Motion for Remand. The Plaintiff seeks to remand this case to state court. The partes appeared for a telephonic hearing on this matter on February 13, 2013. After listening to the parties' arguments, the Court took the matter under advisement and now enters the following.

## II. FACTUAL BACKGROUND

At this early stage of the proceeding, few facts are before the Court. This case arises out of a fire that destroyed a piece of farm equipment; specifically, a combine, owned by Jacob Kuker. The Plaintiff is Mr. Kuker's insurance company. After the fire destroyed Mr. Kuker's combine, the

Plaintiff reimbursed him for his loss.  CNH American L.L.C. [hereinafter the Defendant] manufactured or sold the combine. The Plaintiff alleges that a defect caused the fire and the Defendant is liable for its value.

**III.  PROCEDURAL BACKGROUND**

The Plaintiff filed a state court petition on September 17, 2012.  Docket #2.  The Defendant accepted service on September 25, 2012, and filed an Answer on October 23, 2012. Docket #3.  Thereafter, the Defendant served two discovery questions on the Plaintiff.  Docket #1, Ex. 4.  Mt. Carmel answered that none of its policy holders and/or members are citizens of the state of Wisconsin or the State of Delaware. Docket #1, Ex. 4.  CNH then filed its Notice of Removal on December 18, 2012.  Docket #1.  On January 9, 2013, the Plaintiff filed the present Motion to Remand.

**IV.  ISSUE**

The Plaintiff argues that the Defendant's removal of this case to federal court is not timely under 28 U.S.C. §1446.

**V.  STANDARD**

The parties generally agree to applicable standard.  28 U.S.C. § 1332 provides the authority for removal of civil

2

actions from state court to federal court based on diversity of citizenship jurisdiction. Removal under section 1332 is dependent on the parties being "citizens" of different states and requires the existence of complete diversity. 28 U.S.C § 1332(a). 28 U.S.C § 1441 provides the basis for and limitations on removal based on diversity of citizenship. Finally, 28 U.S.C. § 1446 establishes the applicable time periods for seeking removal of an action based on diversity of citizenship.

Section 1446 provides an overarching one year deadline for a defendant to seek removal of a state court action. 28 U.S.C. § 1446(c)(1). This one-year deadline is generally applied through two separate thirty-day deadlines that are dependent on the circumstances of a particular matter. In the first instance, § 1446 states that a defendant must seek removal within 30 days of receiving the initial pleading, in this case Plaintiff's Petition, if the grounds or basis for removal are clear from the initial pleading. 28 U.S.C. § 1446(b)(1). In the second instance, a defendant must seek removal within 30 days after receiving a subsequent pleading or "other paper" that provides the basis for determining that

3

the case is or has become removable.  Id. at § 1446(b)(3).

The Court has summarized the factors to be considered in a removal case such as this:

> (1) the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction; (2) a fundamental principle of removal jurisdiction is that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed; (3) lack of subject matter jurisdiction requires remand to the state court under the terms of 28 U.S.C. § 1447(c); (4) the court's removal jurisdiction must be strictly construed; therefore, (5) the district court is required to resolve all doubts about federal jurisdiction in favor of remand; and, finally, (6) in general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus.

Wells' Dairy, Inc. v. Am. Indus. Refrigeration, Inc., 157 F. Supp. 2d 1018, 1025 (N.D. Iowa 2001).

**VI. ANALYSIS**

There is no dispute regarding whether this Court has jurisdiction to hear the case.[1]  The parties agree that the

---

[1] There was discussion during the argument about Mr. Kuker's residence.  The Court is persuaded that his residence is not relevant to the outcome of this dispute. However, the Court will make two observations.  The first is that Mr. Kuker lives in Iowa.  So actual diversity exists.  The second is
(continued...)

amount in controversy has been reached, and that the parties are in fact diverse. Instead, the Plaintiff's Motion to Remand argues that this case should be remanded to state court because the Defendant did not comply with the thirty day removal rule contained in 28 U.S.C. § 1446. The Plaintiff argues that because the Defendant did not comply with the time limit to remove the case, the state court should retain jurisdiction.

The Defendant makes two arguments in support of its position that the case should remain before this Court. First, the Defendant argues removal was timely because complete diversity between the two companies was not clear on the face of the Plaintiff's initial pleading. The Defendant states that it filed its notice of removal within thirty days of obtaining papers which showed the existence of diversity, specifically that the Plaintiff is incorporated in Iowa while the Defendant is from Wisconsin and Delaware. The Defendant also argues that remand is not appropriate because the

---

[1](...continued)
that where Mr. Kuker lived was not clear on the face of the pleading, so the question of Mr. Kuker's residence would lead to the same analysis the Court undertakes below.

5

Plaintiff is suing in its representative capacity and the citizenship of its clientele was not readily apparent on the face of its initial pleading.

**A. Corporate Diversity**

The Court will first consider whether corporate diversity was apparent on the face of the Plaintiff's initial pleading. As discussed above, 28 U.S.C. § 1332 provides the authority for removal of civil actions from state court to federal court based on diversity of citizenship jurisdiction. Removal under section 1332 is dependent on the parties being "citizens" of different states and requires the existence of complete diversity. 28 U.S.C § 1332(a). The Defendant correctly notes that in the Plaintiff's initial pleading, the Plaintiff did not state that it was incorporated in Iowa. Rather, the Complaint states "Plaintiff is a county mutual insurance association doing business in Iowa..." Doing business in a state and being incorporated in a state are very different for the purposes of establishing diversity jurisdiction. The Defendant argues that on the basis of the Plaintiff's "doing business" language, it was obligated to conduct discovery to

6

ascertain if diversity existed before removing the case to Federal Court.

In making its argument, the Defendant relies primarily on the case of Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). In that case, the 9th Circuit stated that diversity had to be apparent from the four corners of the pleading to start the thirty day clock contained in 28 U.S.C. § 1446(b)(1). Specifically, the Court stated that:

> We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper. See 28 U.S.C.§ 1446(b). In coming to this resolution, we consider the language of the statute and survey the various approaches taken by our sister circuits and district courts.

Harris, 425 F.3d at 694.

As discussed above, the party opposing remand bears the burden of proving jurisdiction. However, in this case, the Plaintiff's brief makes a persuasive argument that it is a citizen of Iowa and diversity jurisdiction exists.[2] The argument in this case is purely legal, regarding how to interpret § 1446(b).

The Plaintiff states in its brief that Mt. Carmel is an Iowa corporation with its nerve center in Iowa. The Plaintiff goes on to say that it has been an Iowa citizen for diversity purposes since 1921, and Mt. Carmel's corporate residency was "ascertainable" when CNH accepted service of the initial pleadings. To demonstrate that diversity was "ascertainable," the Plaintiff has provided exhibits from the Secretary of State's website which show it is a citizen of Iowa. Docket #6, Ex. 1-2. No such exhibits were attached to its initial pleading. Thus, the fighting question, as stated in the <u>Harris</u> case quoted above, is whether the Defendant is obligated to conduct outside research within the initial thirty day time period or can the Defendant rely on the papers

---

[2] In making its argument about being a corporation in Iowa, the Plaintiff relies on I.C.A. §§ 491, 496A and 518.

8

it receives via service to determine if it can remove the case to Federal Court.

This Court is persuaded that the <u>Harris</u> holding is the correct holding; the Defendant need not conduct research to determine if diversity exists for the purposes of the initial thirty day time period. Rather, the Defendant should be able to rely on the words contained in the initial pleading. If diversity is not obvious on the face of the pleading, the Defendant is not bound by that thirty day period if it subsequently discovers diversity exists.

The Court is persuaded that this result is supported by the way the statute is structured. If the Defendant were obligated to exhaust the question of whether diversity existed during the initial thirty days, there would be no need for 28 U.S.C.A.§ 1446(b)(3), which allows for another thirty day period "after receipt ... of a copy of an amended pleading, motion, order or other paper from which it **may first be ascertained that the case is one which is or has become removable**." <u>Id.</u> (Emphasis Added). In this case, it was not clear from the face of the Plaintiff's pleading that diversity existed. The fact that diversity was ascertainable through

9

research is not enough to trigger the initial thirty day period. The Defendant acted appropriately when it conducted limited discovery to determine if diversity existed, and timely filed its notice of removal after receiving discovery answers revealing the existence of diversity.

The Plaintiff does not cite any case law that refutes the Harris case cited by the Defendant.[3] While the Harris case originates in the 9th Circuit, there is no persuasive reason to not apply its holding to this case. Moreover, the result in Harris is supported by the 8th Circuit case law. The 8th Circuit has considered when the thirty day period begins to run in the context of a vague amount in controversy and stated that the thirty day period only begins to run when the amount

---

[3] Some Courts have come to the opposite conclusion. See Richman v. Zimmer, Inc., 644 F. Supp. 540, 542 (S.D. Fla. 1986), stating that: "[s]ince the defendant had "clues" as to the diverse citizenship of the plaintiffs and must have known, from a fair reading of the complaint, that the damages claimed exceeded $10,000.00, this case was removable upon receipt by the defendant of the original complaint." However, numerous Courts have declined to follow those precedents. See Vartanian v. Terzian, 960 F. Supp. 58, 60 (D. N.J. 1997), stating that "Richman focus[es] on what the defendant knew or should know from the pleadings and from a comparison with other cases. More recently, courts have shifted that focus toward an analysis of what the relevant document says."

in controversy is clearly determinable from the face of the pleading.  See Knudson v. Sys. Painters, Inc., 634 F.3d 968, 974 (8th Cir. 2011), stating that "since [plaintiff's] complaint did not explicitly state the amount in controversy, [plaintiff's] complaint did not trigger the running of § 1446(b)'s thirty-day deadline."  See also In re Willis, 228 F.3d 896 (8th Cir. 2000).  The Knudson Court stated that this rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know."  Knudson, 634 F.3d at 974. The Knudson Court's rational is also applicable to the question of whether diversity must be discernable from the face of the pleading.  It would be illogical to determine that amount in controversy must be explicitly stated in the Complaint to trigger the thirty day clock, but the thirty day clock automatically runs on the diversity issue and the Defendant must either "know" that the Plaintiff is diverse or research the issue within the thirty days.

Accordingly, the Defendant timely filed a Notice of Removal within thirty days from finding out about the existence of diversity in compliance with 28 U.S.C.A.§

1446(b)(3), and the Plaintiff's Motion to Remand the case must be denied.

**B.  Diversity in Representative Capacity**

Because the Court has concluded that remand is inappropriate under the Defendant's first theory, the Court need not reach the Defendant's argument regarding the Plaintiff acting in a representative capacity.

**VII. CONCLUSION**

For the reasons set out above, the Plaintiff's Motion to Remand this case to state court is denied.

**IT IS SO ORDERED** this 22nd day of February, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa